**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4406**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DANIEL FRANK LYON, JR.,

Defendant - Appellant.

**No. 17-4410**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DENNIS JOE LYON,

Defendant - Appellant.

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:15-cr-00416-WO-3; 1:15-cr-00416-WO-6)

Submitted: August 30, 2018                    Decided: October 16, 2018

Before GREGORY, Chief Judge, DUNCAN, Circuit Judge, and SHEDD, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Brian M. Aus, BRIAN AUS, ATTORNEY AT LAW, Durham, North Carolina; David B. Freedman, CRUMPLER, FREEDMAN, PARKER & WITT, Winston-Salem, North Carolina, for Appellants. John P. Cronan, Acting Assistant Attorney General, Matthew S. Minor, Deputy Assistant Attorney General, Thomas E. Booth, Criminal Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Matthew G.T. Martin, United States Attorney, Frank J. Chut, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted brothers Dennis Joe Lyon and Daniel Frank Lyon, Jr., of numerous counts related to a scheme in which they provided worthless surety bonds to obtain a construction contract from the United States Department Veterans Affairs (VA). Dennis Joe Lyon was convicted of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371 (2012); 14 counts of major fraud against the United States by obtaining money under false pretenses, in violation of 18 U.S.C. §§ 2, 1031(a)(2) (2012); and 3 counts of wire fraud, in violation of 18 U.S.C. §§ 2, 1343 (2012). The district court sentenced Dennis Joe to 120 months' imprisonment, followed by three years of supervised release, and ordered $4,030,577.42 in restitution. Daniel Frank was convicted of 13 counts of major fraud against the United States by obtaining money under false pretenses, in violation of 18 U.S.C. §§ 2, 1031(a)(2). The district court sentenced him to 48 months' imprisonment, followed by three years of supervised release, and ordered $3,707,985.87 in restitution.

On appeal, the Lyons challenge the district court's admission of evidence regarding two prior surety fraud schemes and the sufficiency of the evidence to support their convictions. Dennis Joe Lyon further challenges the district court's imposition of a sentencing enhancement based on his leadership role in the scheme, and Daniel Frank Lyon challenges the district court's calculation of the amount of loss attributable to him. We affirm.

The Lyons first contend that the district court erred by admitting evidence of a prior scheme to present fraudulent bond paperwork and false certifications of contract compliance in relation to two other construction projects. They contend that the evidence was not intrinsic to the criminal charges before the jury and that any probative value was substantially outweighed by the evidence's prejudicial effect. We review a district court's decision to admit evidence regarding a defendant's prior conduct under Fed. R. Evid. 404(b) for abuse of discretion. *United States v. Hall*, 858 F.3d 254, 264 (4th Cir. 2017). "We . . . will not reverse a district court's decision to admit [Rule 404(b)] evidence unless it was arbitrary or irrational." *United States v. Faulls*, 821 F.3d 502, 508 (4th Cir. 2016) (internal quotation marks omitted).

"Federal Rule of Evidence 404(b)(1) provides that evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." *Hall*, 858 F.3d at 265 (alteration and internal quotation marks omitted); *see United States v. Sterling*, 860 F.3d 233, 246-47 (4th Cir. 2017) (providing standard). "Although 'other acts' evidence is not admissible to prove criminal propensity, such evidence 'may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.'" *Hall*, 858 F.3d at 266 (quoting Fed. R. Evid. 404(b)(2)). "The government bears the burden of establishing that evidence of a defendant's prior bad acts is admissible for a proper purpose." *Id.* Finally,

the prejudicial effect of prior acts evidence is mitigated by limiting instructions given by the district court. *United States v. Cowden*, 882 F.3d 464, 473 (4th Cir. 2018).

We conclude that the district court did not abuse its discretion in admitting at trial evidence concerning the prior fraud schemes. The evidence was relevant, as it showed the Lyons' modus operandi, including that Dennis Joe Lyon recruited others and directed them to sign fraudulent bonds, affidavits of individual surety, and escrow receipts in order to obtain construction contracts and that Daniel Frank Lyon falsely certified compliance with the contracts in order to obtain progress payments. Indeed, the prior fraud evidence was particularly probative because it rebutted the Lyons' claim that their codefendants orchestrated the fraud scheme instead of them. Finally, we conclude that the probative value of the prior fraud evidence outweighs its prejudicial nature, particularly in light of the district court's limiting instructions.

## II.

The Lyons further assert that the district court erred in denying their motions for judgment of acquittal because the evidence was insufficient to establish their guilt. We review the denial of a Fed. R. Crim. P. 29 motion for acquittal and other "challenge[s] to the sufficiency of the evidence de novo." *United States v. Palomino-Coronado*, 805 F.3d 127, 130 (4th Cir. 2015). In assessing the sufficiency of the evidence, we determine whether there is substantial evidence to support the convictions when "viewed in the light most favorable to the government." *Id.* (defining substantial evidence). Thus, "reversal for insufficiency must be confined to cases where the prosecution's failure is clear." *Id.* (internal quotation marks omitted).

The Lyons contend that, without the admission of the Rule 404(b) evidence pertaining to their prior fraud schemes, the evidence submitted at trial tended to support a finding that certain codefendants perpetrated the fraud scheme alone, without the help of Dennis Joe Lyon. However, because we conclude that the evidence of prior fraud schemes was properly admitted—particularly in light of the evidence's tendency to show Dennis Joe Lyon's recruitment and direction of the various codefendants—this argument is unavailing. Furthermore, even without the evidence of the prior fraud schemes, we consider the evidence presented at trial sufficient to allow the jury to conclude that Dennis Joe Lyon recruited his codefendants and directed them to prepare the worthless bonds, affidavits of individual surety, and escrow receipts. *See* 18 U.S.C. § 1301(a) (providing elements of major fraud); *United States v. Burfoot*, __ F.3d __, __, No. 17-4266, 2018 WL 3747370, at *4 (4th Cir. Aug. 8, 2018) (stating elements of wire fraud); *United States v. Landersman*, 886 F.3d 393, 406 (4th Cir. 2018) (stating elements of § 371 conspiracy).

The Lyons further contend that the evidence was not sufficient to establish Daniel Frank Lyon's knowledge of the fraudulent scheme, and in particular that he was not aware of the funding and timeline problems associated with the construction project. However, we conclude that the evidence tended to demonstrate that Daniel Frank Lyon's coconspirators informed him of the problems at the construction site and allowed the jury to permissibly infer that Daniel Frank Lyon intentionally provided incorrect contact information in connection with the contract compliance paperwork to avoid responsibility for these problems. At any rate, even if Daniel Frank Lyon was not aware of the

financial and timeline problems onsite during construction, we consider the evidence sufficient to sustain Daniel Frank Lyon's fraud convictions based on his fraudulent certifications that the project was proceeding according to contract specifications, particularly in light of the fraudulent bonds supporting the project bid. *See* 18 U.S.C. § 1301(a).

III.

Next, the Lyons contend that the district court improperly applied a four-level sentencing enhancement to Dennis Joe Lyon based on his role as a leader and/or organizer in the fraud scheme. He contends that his codefendants, both charged and uncharged, are as culpable as he is. We review the district court's adjustment for role in the offense for clear error. *See United States v. Thorson,* 633 F.3d 312, 317 (4th Cir. 2011). A four-level enhancement is applied "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S. Sentencing Guidelines Manual § 3B1.1(a) (2016); *United States v. Kellam*, 568 F.3d 125, 148 (4th Cir. 2009) (articulating factors courts consider in distinguishing between roles). "The burden is on the government to prove by a preponderance of the evidence that the sentencing enhancement should be applied." *United States v. Steffen*, 741 F.3d 411, 414 (4th Cir. 2013).

We conclude that the district court did not clearly err in applying the § 3B1.1(a) role adjustment. The evidence established that Dennis Joe Lyon ran the bond company central to the fraud scheme and that, in that capacity, he assigned specific roles to his employees in relation to the scheme. Furthermore, as explained above, the properly

7

admitted evidence of prior fraud schemes undermined Dennis Joe Lyon's assertion that his codefendants acted without his direction.

IV.

Finally, the Lyons argue that the district court erred in attributing over $3.7 million in losses to Daniel Frank Lyon. The district court arrived at this number after adding the amount of loss suffered by unpaid subcontractors to the amount paid by the VA to find a replacement contractor after the Lyons' contractor defaulted. The Lyons contend that this calculation is in error, pointing to evidence of delays in the project because of permitting issues, weather, and soil and rock complications, and that the project was nearly complete at the time of the default. As with role adjustments, we review the district court's loss determination for clear error. *United States v. Shephard*, 892 F.3d 666, 672 (4th Cir. 2018).

"The government must prove the amount of loss by a preponderance of evidence." *United States v. Catone*, 769 F.3d 866, 876 (4th Cir. 2014). "The district court, though it need not reach a precise figure as to loss, must make a reasonable estimate of loss based on the available information in the record." *Id*. (internal quotation marks omitted). "The sentencing judge is in a unique position to assess the evidence and estimate the loss based upon that evidence. For this reason, the court's loss determination is entitled to appropriate deference." USSG § 2B1.1 cmt. n.3(C).

We conclude that the district court did not clearly err in determining the loss amount of over $3.7 million attributable to Daniel Frank Lyon. The district court properly based its loss determination on the cost of the replacement contract less the

8

amount that remained on the original contract, reflecting the reality that the VA had to hire a new contractor to finish the parking deck after the Lyons' contractor defaulted and the project's surety bonds were found to be worthless. Nor do we consider that the project was plagued by weather, soil problems, and other issues to be relevant. The record establishes that the VA terminated the general contractor's contract because it carried no liability insurance, and not because of delays or any of the other problems identified by the Lyons. Furthermore, the worksite problems did not justify that subcontractors were not paid for their work. The district court permissibly concluded that the losses suffered by the unpaid contractors and by the VA in paying a replacement contractor to finish the parking deck would not have occurred but for the Lyons' fraudulent bond scheme.

Accordingly, we affirm the district court's judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*